SHEVIN, Judge.
Robert Brandt, James Brandt, Gary Brandt and John Brandt d/b/a Pix Realty [landlord] appeal a final judgment in favor of defendant Dade Dental Center, Inc., [tenant] following a nonjury trial. We affirm.
The tenant[1] entered into a five-year commercial lease with the landlord for 1738 square feet of a building with 72,179 square feet of leasable space. In conjunction with the base rent, the tenant was required to pay additional rent of 15% for any increase in property taxes and insurance premiums over the base year amount. Upon termination of the lease, a dispute arose-between the parties as to payment of the additional rent.
The landlord filed an action to recover the additional rent as well as double rent for the month the tenant remained following the termination date. In response, the tenant contended that the additional rent provisions were unconscionable. At trial, the landlord’s representative and the tenant testified revealing that the tenant was not assessed a pro-rata share of the tax and insurance increases: the tenant occupied 2.4% of the leasable space and was assessed 15% of the increases.
The trial court entered judgment finding that the provisions were unconscionable and permitting the landlord to retain the $5000 security deposit which the landlord had applied to the outstanding rent. The judgment provides that:
The 15 per cent allocation of property tax and insurance premium increases to DADE DENTAL set forth in the lease agreement is unconscionable in light of the fact that DADE DENTAL only occupied 2.4 per cent of the building. In particular, the Summary of Allocations setting forth the respective portions of allocated taxes for the tenants for the building at issue *1064 and admitted into evidence at trial clearly establishes that the allocation of the property tax increases in regard to DADE DENTAL is monstrously harsh, unconscionable and should not be enforced by the Court. This is confirmed by the tax allocations totalling 132% (of a possible 100%) for all tenants.
We affirm the judgment based on a finding that sufficient evidence supports the trial court’s determination that the tenant’s allocated liability for the increased taxes and insurance premiums was unconscionable. The record shows that the tenant was assessed 6.25 times its share of the increases based on the percentage of its square footage to the total leasable building space. In addition, the tenant was surprised to learn that the additional rent provisions were not based on its prorata occupation of the leasable space:[2] the lease provided that tenant was responsible for its share of all utility charges and it did not delineate the area of the leased premises or of the total leasable space. In view of these facts, we affirm the judgment. See Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA1982), review denied, 434 So.2d 889 (Fla.1983). Cf. Foursquare Properties Joint Venture I v. Johnny’s Loaf & Stein, Ltd., 116 Wis.2d 679, 343 N.W.2d 126 (App.1983)(lease provision 'unconscionable which requires tenant to pay disproportionate share of taxes giving landlord windfall).
The landlord’s remaining point as to the holdover rent lacks merit.
Affirmed.

. Dr. Hernandez purchased the assets of Dade Dental Center, Inc., from Dr. Schwartzberg, subsequent to the execution of this lease.

. The tax provision stated, in pertinent part, that the tenant was responsible for 15% of the amount in excess of the base year of “the real estate taxes levied ... against the building of which the demised premises form a part and land upon which the same is erected.” (emphasis supplied)